# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 24-1535

## PABLO ENRIQUE ROSADO SÁNCHEZ

Plaintiff-Appellant,

v.

## TRAVIS KALANICK; GARRET CAMP; DARA KHOSROWSHAHI; UBER TECHNOLOGIES, INC.

Defendants-Appellees.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

## BRIEF OF APPELLEES

**Anabel Rodríguez-Alonso**
First Circuit Bar No. 44313

**Lady E. Cumpiano**
First Circuit Bar No. 39089


SCHUSTER LLC
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Uber Technologies, Inc., as of this date, is a publicly held corporation and not a subsidiary of any entity. Based on SEC filings regarding beneficial ownership of Uber's stock, Uber is unaware of any other publicly held corporation who beneficially owns more than 10% of Uber's outstanding stock.

# TABLE OF CONTENTS

**Page**

I.    JURISDICTIONAL STATEMENT ............................................................1

II.   STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..................3

III.  STATEMENT OF THE CASE ......................................................4

IV.  STATEMENT OF THE STANDARD OF REVIEW ....................................6

V.   SUMMARY OF THE ARGUMENT ..................................................7

VI.  ORAL ARGUMENT IS UNNECESSARY ............................................10

VII. ARGUMENT..........................................................................10

A. This Court lacks jurisdiction to review the district court's interlocutory Opinion and Order. ...........................................................10

B. Rosado-Sánchez's substantial noncompliance with procedural appellate rules should result in the dismissal of his appeal.....................11

C. Rosado-Sánchez waived all arguments in opposition to the Motion to Compel and thus, any arguments raised on appeal would be improperly raised for the first time.............................................16

D. The district court correctly ruled that arbitration was the proper forum to address Rosado-Sánchez' claims. ......................................18

    a. The district court properly enforced the arbitration agreement in accordance with the policy of the FAA. ...............................................23

    b. The district court correctly found that a valid arbitration agreement exists. ...................................................24

    c. The district court properly found that the arbitration agreement contains a delegation of arbitrability clause. ....................................24

    d. Notwithstanding having found that the Arbitration Agreement contains a delegation clause, the district court went even further than required by the case law, and correctly held that the Uber Defendants satisfied the remaining requirements of the four-part test.................................................25

       i. The Uber Defendants are entitled to invoke the Arbitration Agreement.......................................................25

       ii. The district court correctly ruled that Plaintiff is bound to arbitrate.......................................................26

*iii. The district court correctly held that Rosado-Sánchez's claims are within the scope of the Arbitration Agreement.* ........................27

VIII.  CONCLUSION ................................................................................28

# TABLE OF AUTHORITIES

**Page**

**Cases:**

14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009) ..................................................8

Ahmed v. Rosenblatt, 118 F. 3d 886 (1st Cir. 1997)................................... 12, 15

Air-Con, Inc. v. Daikin Applied Latin Am., LLC, 21 F. 4th 168 (1st Cir. 2021) 19

Andrews v. Bechtel Power Corp., 780 F.2d 124 (1st Cir. 1985)................. 12, 13

Bercovitch v. Baldwin Sch., Inc., 133 F. 3d 141 (1st Cir. 1998) ......................28

Bos. Beer Co. Ltd. P'ship v. Slesar Bros. Brewing Co., 9 F.3d 175 (1st Cir. 1993) ..........................................................................................................9, 17

Bossé v. N.Y. Life Ins. Co., 992 F.3d 20 (1st Cir. 2021)........................ 9, 20, 25

Dialysis Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367 (1st Cir. 2011) ..............6

Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503 (1st Cir. 1994) ..........................................................................................................8, 12

Faretta v. California, 422 U.S. 806, 835 n. 46 (1975) ................................ 12, 13

García-García v. Costco Wholesale Corp., 978 F. 3d 411 (1st Cir. 2017)..........19

Gove v. Career Sys. Dev. Corp., 689 F. 3d 1(1st Cir. 2012)................................6

Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524 (2019).........25

Immediato v. Postmates, Inc., 54 F. 4th 67 (1st Cir, 2022)..................................23

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) .....................1

McCoy v. Massachusetts Institute of Technology, 950 F. 2d 13 (1st Cir. 1991) 18

McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979)..................................................12

McKaskle v. Wiggins, 465 U.S. 168(1984) ..........................................................8

Mohasco Corp. v. Silver, 447 U.S. 807 (1980) ..................................................16

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983) 23

Nat'l Fed'n of the Blind v. The Container Store, Inc., 904 F.3d 70 (1st Cir. 2018) ..........................................................................................................20

Oudani v. TF Final Mile LLC, 876 F. 3d 31 (1st Cir. 2017)...............................26

Reyes-García v. Rodríguez & Del Valle, Inc., 82 F. 3d 11 (1st Cir. 1996) . 3, 11, 14, 15

Rivera-Colon v. AT&T Mobility P.R., Inc., 913 F. 3d 2002 (1st Cir. 2019).....24

Rodríguez Machado v. Shinseki, 700 F. 3d 48 (1st Cir. 2012) .................. passim

Rosado Sánchez v. Banco Santander Puerto Rico, 2019 U.S. Dist. LEXIS 124999 (Civil No. 17-2169 (BJM) ....................................................13

Rosado Sánchez v. Banco Santander, Civil No. 17cv2169 (DPR 2019) ...........13

Rosado Sánchez v. Crespo Claudio, Civil No. 22cv01461 (D.P.R. 2024).........13

Rosado Sánchez v. Crespo-Claudio, 2024 U.S. Dist. LEXIS 120540 (Civil No. 22-01461 (GMM) ...............................................................13

Rosado Sánchez v. Dep't or Education, 2017 U.S. Dist. LEXIS 228839 (Civil No. 16-2029(SEC) ...................................................................13

Ryan v. Royal Ins. Co., 916 F.2d 731 (1st Cir. 1991)........................12

Smith v. Spizzirri, 601 U.S. 472 (2024) ............................... 2, 9, 11, 28

South Bay Bos. Mgmt., Inc. v. UNITE HERE, Local 25, 587 F. 3d 35 (1st Cir. 2009) ....................................................................7

United States v. Nishnianidze, 342 F.3d 6 (1st Cir. 2003)..................8

US v. Zannino, 895 F.2d 1 (1st Cir.1990) .........................................8

Vieira v. De Souza, 22 F.4th 304 (1st Cir. 2022) ...........................12

**Statutes**

28 U.S.C. §1292................................................. 6, 8, 11

9 U.S.C. §2.................................................................23

9 U.S.C. §4............................................................ 19, 23

Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq.....................4

Americans with Disabilities Act, 42 U.S.C §12101, et seq..................4

Federal Arbitration Act, 9 U.S.C. §16(b) ............................. 2, 6, 10

P.R. Law Ann. Tit. 31, §9771 .......................................23

P.R. Laws Ann. Tit. 31 §9813 .......................................26

Title VII of the Civil Rights Act, 42 U.S.C. §2000 et seq...................4

**Rules:**

Federal Rules of Appellate Procedures:

F. R. App. P. 28(a)(4) ...............................................................14
F. R. App. P. 28(a)(5) ...........................................................3, 14
Fed. R. App. P. 28(a) .................................................................7
Fed. R. App. P. 28(a)(4)(A)-(D) .................................................1
Fed. R. App. P. 28(a)(6) ...........................................................14
Fed. R. App. P. 28(a)(7) ...........................................................14
Fed. R. App. P. 28(a)(8) ...........................................................14
Fed. R. App. P. 3(a)(2) .............................................................11

# I.    JURISDICTIONAL STATEMENT

Appellant Pablo E. Rosado Sánchez ("Rosado-Sánchez" or "Plaintiff") failed to include a jurisdictional statement in his Brief, in clear violation of Rule 28(a)(4) of the Federal Rules of Appellate Procedure ("Fed. R. App. P."). Said rule is written in mandatory terms: "The appellant brief ***must*** contain, under appropriate heading and in the order indicated…a jurisdictional statement." (Emphasis ours). As such, his appeal is fatally flawed because he: (i) failed to provide any basis for the district court's subject matter jurisdiction; (ii) failed to provide any basis for the Court of Appeals' jurisdiction; (iii) failed to establish the timeliness of his appeal; and (iv) failed to establish his appeal was from a final order of judgment that disposed of all parties' claims.  Fed. R. App. P. 28(a)(4)(A)-(D).

 Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Consequently, a plaintiff (or appellant) who seeks to bring a suit in a federal forum bears the burden of establishing that the federal court has jurisdiction over the case or over the appeal. Rosado-Sánchez failed to meet his burden, and his mistake is fatal to his appeal. See Rodríguez Machado v. Shinseki, 700 F. 3d 48 (1st Cir. 2012) ("Substantial noncompliance with important

appellate rules, in and of itself, constitutes sufficient cause to dismiss [an] appeal.") (citations omitted).

Further, an order compelling arbitration is not immediately appealable before this Court. The Supreme Court recently held that, absent certification of a controlling question of law by the district court, "an order compelling arbitration is not immediately appealable". <u>Smith v. Spizzirri</u>, 601 U.S. 472, 478 (2024). Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §16(b), allows for immediate interlocutory appeals from orders *denying* requests for arbitration but not of orders granting motions to compel arbitration. <u>Id</u>.

In <u>Smith v. Spizzirri</u>, [1] the Supreme Court also ruled that when a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, Section 3 of the FAA, 9 U.S.C. §3, compels the court to stay, rather than dismiss the proceedings. <u>Id.</u> at 478-479. In the event that this Court asserts jurisdiction over this appeal, the district court's Opinion and Order compelling arbitration ("Opinion and Order") should be affirmed but the order regarding the

---

[1] The Supreme Court's decision in <u>Smith</u> was issued on May 16, 2024, and the District Court's decision in this case compelling arbitration was issued the day before, on May 15, 2024. Accordingly, neither the Defendant/Appellee nor the District Court had an opportunity of considering the same. As the District Court acknowledged in footnote 5 of its Opinion and Order, it was bound to follow First Circuit precedent until the Supreme Court ruled otherwise. **Addendum**, p. 36.

dismissal of the case without prejudice should be remanded to the district court with instructions to enter a stay of the proceedings, as required by the new Supreme Court doctrine.

## II.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

In his Appellant's Brief, Rosado-Sánchez failed to include a statement of the issues presented for review in this appeal. This is a mandatory requirement of F. R. App. P. 28(a)(5). His failure to satisfy this procedural requirement should lead to the dismissal of his appeal. See Reyes-García v. Rodríguez & Del Valle, Inc., 82 F. 3d 11, 14 (1st Cir. 1996) (appeal was dismissed with prejudice for appellant's failure to comply with appellate procedural rules). In Reyes-García, this Court stated that the procedural appellate rules provide the means by which the Court gains the information that it requires to set the issues in context and pass upon them, and when a party fails to comply with said rules, "its failure thwarts this effort and deprives [the Court] of the basic tools that it needs to carry out this task". Id.

If the appeal is not dismissed outright, the issue before this Court is whether the district court erred in granting the "Motion to Compel Arbitration and Dismiss All Claims" ("Motion to Compel") filed by Appellees Uber Technologies, Inc. ("Uber"), Travis Kalanick, Garrett Camp and Dara Khosrowshahi (the "Individual Defendants")(collectively, the "Uber Defendants") when it held that: (1) a valid

3

arbitration agreement exists that applies to the relationship between the parties, which Rosado-Sánchez did not dispute, and (2) the arbitration agreement contains a delegation clause requiring an arbitrator, and not the court, to decide all issues regarding arbitrability, which Rosado-Sánchez did not dispute. Alternatively, if the delegation clause is not enforced, did the district court err when it also concluded that all of Rosado-Sánchez's claims—i.e., claims under Title VII of the Civil Rights Act, 42 U.S.C. §2000 et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq. ("ADEA") and the Americans with Disabilities Act, 42 U.S.C §12101, et seq. ("ADA") were within the scope of the arbitration agreement which Rosado-Sánchez also did not dispute. The arbitration agreement expressly covers any dispute related to the use of the Platform and Driver App, as well as any potential contractual or employment related claims. As such, the court correctly held arbitration was the proper forum to address Rosado-Sánchez's claims.

## III.   STATEMENT OF THE CASE

To enforce the terms of the arbitration agreement between the parties, on September 21, 2023, the Uber Defendants filed their Motion to Compel, which included a statement of uncontested facts buoyed by proper evidentiary support.  As discussed in more detail in the Argument Section below, it is uncontested that: the parties entered into valid agreement containing an arbitration clause on January 1,

4

2022; that Plaintiff was given an opportunity to opt out and failed to do so; that the arbitration clause included a clear and unmistakable delegation clause under which all arbitrability issues were to be decided by an Arbitrator; and, that it covers all claims raised by Plaintiff in his compliant.

Rosado-Sánchez did not file an opposition. On December 23, 2024, after the time to file an opposition expired, the district court issued Plaintiff an order to show cause why the Motion to Compel should not be deemed unopposed. **Dkt**. 34, **Appellee's Supplemental Appendix** ("**Appellee's Supp. App**."), p. 163. In response to the court's order, on January 19, 2024, Plaintiff filed a one-page document in which he stated in conclusory fashion without any evidence or authority: "The Uber's motion to dismiss and to compel arbitration are not the Law", along with two other conclusory allegations related to the alleged merits of his underlying claims, not the issues set forth in the Motion to Compel. **Appellee's Supp. App.,** p. 165. Plaintiff failed to present any factual or legal arguments as to why arbitration should not be compelled. Subsequently, on February 12, 2024, in another fruitless attempt to comply with the court's order, Plaintiff filed another one-page document in which he stated that the Motion to Compel was a "scam" and included some personal attacks against the attorneys for the Uber Defendants. The document was also completely devoid of any evidence or authority responding to

the Uber Defendants' request to compel arbitration. **Appellee's Supp. App.,** p. 170.

The district court properly ruled that Plaintiff's attempts to show cause why the Motion to Compel should not be deemed unopposed were nonresponsive. As such, it deemed the Motion to Compel unopposed. **Appellee's Supp. App.,** p. 84. In its Opinion and Order, the district court accepted the unopposed facts presented by the Uber Defendants and, after applying the relevant legal doctrine, correctly ruled that arbitration was warranted in this case.

## IV. STATEMENT OF THE STANDARD OF REVIEW

The Uber Defendants submit that the order compelling arbitration is not appealable under Section 16(b) of the FAA, 9 U.S.C. §16(b). In addition, the court's order fails to satisfy the criteria for an interlocutory appeal under 28 U.S.C. §1292.[2] As such, this Court lacks jurisdiction to entertain this appeal. If the Court decides to undertake review of the district court's order, said order is subject to *de novo* review. Gove v. Career Sys. Dev. Corp., 689 F. 3d 1, 4 (1st Cir. 2012); Dialysis Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 373 (1st Cir. 2011) (*citing* South Bay Bos.

---

[2]Any prior orders issued by the district court, such as the determination that Plaintiff's filings in response to the order to show cause were nonresponsive or that the "Motion to Compel" should be deemed unopposed, are not appealable as of right and are not subject to interlocutory review under 28 U.S.C. §1292. In any event, these orders were not referenced in the Notice of Appeal and, as such, Plaintiff is not seeking review of such orders.

Mgmt., Inc. v. UNITE HERE, Local 25, 587 F. 3d 35, 42 (1st Cir. 2009). Reviewing

the issue *de novo*, this Court should reach the same conclusion as the district court,

and it should affirm the order compelling arbitration and remand for an order to stay

the proceedings pending arbitration.

## V.    SUMMARY OF THE ARGUMENT

Once again, Rosado-Sánchez disregards the mandatory requirements of Fed.

R. App. P. 28(a), by failing to include a "summary of the argument" in his

Appellant's Brief. Rule 28(a)(7) requires a succinct, clear and accurate statement of

the arguments made in the body of the brief.  He also fails to even present *any* legal

arguments addressing the district court's rulings in its Opinion and Order, let alone

establish grounds for reversal. In fact, the "Argument" section of his brief contains

**one single page**, which merely asserts allegations regarding the purported merits of

his underlying claims, which are irrelevant to a ruling on a motion to compel

arbitration. **Appellant's Brief**, p. 21. Moreover, he complains that apparently

because he must arbitrate, the alleged conduct will continue. As explained below,

the critical flaw in Rosado-Sánchez's appeal is his misunderstanding that the

Opinion and Order precludes him from resolving the merits of his disputes.

**Appellant's Brief**, p. 21. As explained by the Supreme Court, an agreement to

arbitrate statutory claims does not waive statutory rights; "it waives only the right to

seek relief from a court in the first instance." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009). Rosado-Sánchez's failure to include even the slightest reference to the concept of "arbitration" or to the language of the arbitration agreement should result in the outright dismissal of his appeal with prejudice.[3]

Notwithstanding Rosado-Sánchez procedural failures, which should lead to the dismissal of this appeal, and out of an abundance of caution, the Uber Defendants hereby set forth a summary of their legal arguments.

First, the district court's order compelling arbitration is not appealable, and it does not satisfy the criteria for an interlocutory appeal under 28 U.S.C. §1292. As such, this Court lacks jurisdiction over this matter.

Second, as explained below, Rosado-Sánchez has repeatedly disregarded the procedural rules before the district court and in other cases. His decision to once again disregard the procedural rules in presenting his appeal to this Court should

---

[3]This Court has held that a claim is considered waived when it is not mentioned or it is insufficiently argued in an appellate brief, stating that it is a "settled appellate rule that issues . . . unaccompanied by some effort at developed argumentation, are deemed waived." US v. Zannino, 895 F.2d 1, 17 (1st Cir.1990). See also United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003) (finding waiver of undeveloped arguments in a pro se case) and Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) where the First Circuit held that courts need not "take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course" (*quoting* McKaskle v. Wiggins, 465 U.S. 168, 183–84 (1984)).

result in the automatic dismissal with prejudice of his appeal under this Court's precedent. See Rodríguez Machado v. Shinseki, supra.

Third, Rosado-Sánchez failed to oppose the Motion to Compel Arbitration at the district court level (despite being awarded several opportunities to do so). Thus, he has waived all arguments in opposition. Even assuming this Court can glean any relevant argument in Appellant's Brief, any such argument would be improperly presented for the first time on appeal. It is established precedent that a litigant's failure to explicitly raise an issue before the district court forecloses that party from raising the issue for the first time on appeal. See Bos. Beer Co. Ltd. P'ship v. Slesar Bros. Brewing Co., 9 F.3d 175, 179 (1st Cir. 1993).

In the event this Court chooses to address any alleged grounds for reversal, it should affirm the district court's Opinion and Order with instructions to order a stay of the proceedings in accordance with Smith v. Spizzirri, supra. The district court concluded, based on undisputed facts, that a valid arbitration agreement exists, and that the arbitration agreement contains a "delegation clause" that delegates the arbitrability question to the arbitrator and "is therefore not for the Court to decide". **Addendum**, p. 32 of Appellant's Brief. The district court properly applied the legal doctrine regarding arbitration under the FAA, as applied by this Circuit in Bossé v. N.Y. Life Ins. Co., 992 F.3d 20 (1st Cir. 2021), and correctly interpreted the

applicable arbitration agreement under Puerto Rico law, as required by the governing law clause. No reason exists as to why the court's order compelling arbitration should be reversed. As such, this Court should affirm the order compelling arbitration and remand with instructions to order a stay.

## VI.  ORAL ARGUMENT IS UNNECESSARY

In his Brief, Rosado-Sánchez did not request oral argument. The Uber Defendants submit that an oral argument should not be heard in this case. Rosado-Sánchez did not oppose the Motion to Compel before the district court and, thus, he is precluded from asserting any arguments in support of reversal of the district court's Opinion and Order. Further, the facts of this case are straightforward, the applicable doctrines are well-established, and the matter does not present any novel issues of law which would warrant oral argument.

## VII.  ARGUMENT

**A.  This Court lacks jurisdiction to review the district court's interlocutory Opinion and Order.**

Rosado-Sánchez is precluded from seeking court intervention to review an order compelling arbitration because it constitutes an interlocutory order not subject to appeal.  Smith v. Spizzirri, supra.  Section 16 of the FAA, 9 U.S.C. §16, provides for an immediate interlocutory appeal when a court *denies* a request for arbitration.

However, no such right exists regarding an order *granting* a motion to compel arbitration.  In fact, the Supreme Court concluded in <u>Smith</u> that Congress "sought to forbid" the right to an immediate appeal in such cases.  <u>Id</u>. at 478-479. Because the order to compel arbitration does not satisfy any of the additional criteria for an interlocutory appeal under 28 U.S.C. §1292, this Court should dismiss Rosado-Sánchez's appeal for lack of jurisdiction.

The Uber Defendants recognize that because the Opinion and Order was issued in the pre-<u>Smith</u> era, the district court dismissed all claims without prejudice.  If this Court decides to accept this appeal, it should affirm the order compelling arbitration and remand the order dismissing the claims without prejudice with instructions to the district court to order a stay of the proceedings.

**B.**   **Rosado-Sánchez's substantial noncompliance with procedural appellate rules should result in the dismissal of his appeal.**

Under Fed. R. App. P. 3(a)(2): "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal". This Court has repeatedly held that substantial non-compliance with important appellate rules, in and of itself, constitutes sufficient cause to dismiss an appeal. <u>See</u> <u>Rodríguez Machado v. Shinseki</u>, <u>supra</u>, *citing* <u>Reyes-</u>

García v. Rodríguez & Del Valle, Inc., 82 F. 3d 11 at 14-15 (1st Cir. 1996). It should be noted that a pro se plaintiff like Rosado-Sánchez is not insulated from complying with the Federal Rules of Appellate Procedure. Ahmed v. Rosenblatt, 118 F. 3d 886, 890 (1st Cir. 1997). See also Eagle Eye Fishing Corp. v. United States Dep't. of Commerce, 20 F.3d 503, 506 (1st Cir.1994).[4]

Appellant's Brief merely sets forth a conglomeration of disjointed statements, with pictures and copies of electronic messages, that are allegedly related to the merits of Rosado-Sánchez's underlying claims against Uber. It fails to provide any intelligible and relevant argument or authority that would assist this Court in reviewing the district court's determination to compel arbitration. It is settled law in this circuit that issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned. Ryan v. Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1991) (citations omitted). As such, to the extent that Appellant's Brief fails to present any arguments that would move this Court to reverse the district court's determination or to even allow it to review the

---

[4]Although "courts must be mindful of the challenges faced by pro se litigants and construe their arguments liberally", Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022) (quoting McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979)), this Court has also cautioned that "self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'" Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (quoting Faretta v. California, 422 U.S. 806, 835 n. 46 (1975)).

issues intelligently, the appeal should be dismissed.

The disjointed nature of Appellant's Brief should be cause enough to warrant its dismissal with prejudice. But Rosado-Sánchez has also failed to comply with the procedural requirements that are necessary to perfect an appeal.

It is worth noting that this is not Rosado-Sánchez's first rodeo before the U.S. District Court for the District of Puerto Rico nor before this Court.[5] Plaintiff Rosado-Sánchez has filed numerous cases appearing pro se and has been admonished for his noncompliance with the Rules of Civil Procedure. See Rosado Sánchez v. Banco Santander, Civil No. 17cv2169 (DPR 2019) ("A document which completely flouts the rules of civil procedure is subject to dismissal regardless of its pro se origins"). See also Rosado Sánchez v. Crespo Claudio, Civil No. 22cv01461 (D.P.R. 2024) (following Rosado Sánchez contravention of Court orders and procedural rules, the District Court quoted from this Court's decision in Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (quoting Faretta v. California, 422 U.S. 806, 835

---

[5]Cases before the U.S. District Court for the District of Puerto Rico: Rosado Sánchez v. Dep't or Education, 2017 U.S. Dist. LEXIS 228839 (Civil No. 16-2029(SEC)); Rosado Sánchez v. Banco Santander Puerto Rico, 2019 U.S. Dist. LEXIS 124999 (Civil No. 17-2169 (BJM); Rosado Sánchez v. Crespo-Claudio, 2024 U.S. Dist. LEXIS 120540 (Civil No. 22-01461 (GMM)). Cases filed before the First Circuit Court of Appeals: Rosado Sanchez v. Banco Santander, Case Nos. 17-2124 and 19-1811 and Rosado Sánchez v. Crespo Claudio, Case No. 23-1661.

n. 46 (1975)) recognizing that "self-representation is not 'a license not to comply with relevant rules of procedural and substantive law." Id. Rosado-Sánchez's unacceptable pattern of disregarding procedural rules should not be overlooked by this Court.

In this case, in a clear violation of the Federal Rules of Appellate Procedure, Rosado-Sánchez's Brief failed to include: a jurisdictional statement, as required by F. R. App. P. 28(a)(4); a statement of the issues presented for review, as required by Fed. R. App. P. 28(a)(5); a concise statement of the case setting out the facts relevant to issues submitted for review, describing the relevant procedural history, and identifying the rules presented for review, with appropriate references to the record, as required by Fed. R. App. P. 28(a)(6); a summary of the argument with a succinct, clear and accurate statement of the arguments made in the body of the brief, as required by Fed. R. App. P. 28(a)(7); or an argument with appellant's contentions as to why the district court's judgment should be reversed, and with each issue, the applicable standard of review, and a conclusion stating the precise relief sought, as required by Fed. R. App. P. 28(a)(8). These failings are fatal to his appeal.

In Reyes-García, 8 F.3d at 15, this Court ruled that the parties to an appeal "must recognize that rules are not mere annoyances, to be swatted aside like so many flies, but, rather, that rules lie near the epicenter of the judicial process".

14

Furthermore, "substantial noncompliance with the rules would hamstring any attempt to review the issues intelligently." Id. The fact that Rosado-Sánchez is a pro se appellant does not excuse his blatant and repeated noncompliance with the procedural rules. Ahmed v. Rosenblatt, 118 F. 3d 886, 890 (1st Cir. 1997).

> Procedural rules are important for two overarching reasons. One reason is that rules ensure fairness and orderliness. They ensure fairness by providing litigants with a level playing field. They ensure orderliness by providing courts with a means for the efficient administration of crowded dockets. In both these respects rules facilitate the tri-cornered communications that link the opposing parties with each other and with the court.
>
> The second overarching reason why procedural rules are important has a functional orientation: rules establish a framework that helps courts to assemble the raw material that is essential for forging enlightened decisions. In an appellate venue, rules provide the mechanism by which the court…gains the information that it requires to set the issues in context and pass upon them. When a party seeking appellate review fails to comply with the rules in one or more substantial respects, its failure thwarts this effort and deprives the appellate court of the basic tools that the judges of the court need to carry out this task.
>
> Reyes-García, 82 F. 3d at 6-7 (citations omitted).

Just like the appellant's brief described in Rodríguez-Machado, supra, Rosado-Sánchez's brief is a textbook example of how not to litigate a case on appeal, infracting some important procedural rules. What Rosado-Sánchez has done "is not the type of serious effort" that would allow the court to decide legal questions" and to expect this Court do the work for an appellant "is not an option, since that would

divert precious judge-time from other litigants who could have their cases resolved thoughtfully and expeditiously because they followed the rules". See Rodríguez Machado, 700 F.3d at 49-50. Occasional or minor infringements of the rules that do not impair the court's ability to comprehend and scrutinize a party's papers typically will not warrant "Draconian consequences", but major breaches call for "severe decrees". Id. The violations present in Appellant's Brief are certainly major, as they "cripple any attempt by the Court to review the issue intelligently". Id. But, even further, his failure to even attempt to address the legal issues impedes the Court from reviewing the issues at all.

In sum, as the Supreme Court stated in Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980): "In the long run strict adherence to procedural requirements is the best guarantee of an evenhanded administration of the law". Rosado-Sánchez's violations of the appellate procedural rules are substantial, pervasive, and nothing short of egregious. Dismissal of this appeal with prejudice is plainly warranted.

**C.** **Rosado-Sánchez waived all arguments in opposition to the Motion to Compel and thus, any arguments raised on appeal would be improperly raised for the first time.**

On September 21, 2023, the Uber Defendants filed their Motion to Compel. **Appellee's Supp. App.,** p. 1-162. Plaintiff failed to oppose said motion. Even though the time to file an opposition had expired, on December 26, 2023, the district

court issued an order instructing Plaintiff to show cause as to why the Uber Defendants' motion should not be deemed unopposed. **Dkt.** 34 **Appellee's Supp. App.,** p. 180.  Plaintiff filed a motion "Response to Order" in response to the Court's order to show cause. **Appellee's Supp. App.,** p. 165. However, the district court correctly deemed that submission be nonresponsive as Plaintiff only stated in a one-page document that the Motion to Compel "was not the law'", with no factual averments, legal argument, or supporting authority. **Id**. Thereafter, Plaintiff filed what he stylized as a response to the Defendant's motion to deem the motion to compel arbitration as unopposed. But once again, the Court correctly ruled that the submission was nonresponsive, as it also consisted of a one-page document stating the Motion to Compel was a "scam", together with some offensive statements directed at the attorneys for the Uber Defendants.   **Appellee's Supp. App.,** p. 170. No relevant argument or authority was provided. On May 15, 2024, the Court granted the Uber Defendant's request to deem the Motion to Compel as unopposed. **Appellee's Supp. App.,** p. 184.

Despite being afforded multiple opportunities, Plaintiff failed to advance any facts or to present any arguments to oppose the Motion to Compel and as such, he is precluded from presenting any issues in support of reversal of the Opinion and Order in this appeal. As this Court ruled in Boston Beer Co., 9 F.3d at 180-181: "The law

in this circuit is crystalline: a litigant's failure to explicitly raise an issue before the district court forecloses that party from raising the issue for the first time on appeal". See also McCoy v. Massachusetts Institute of Technology, 950 F. 2d 13, 22 (1st Cir. 1991), *cert. denied*, 112 S. Ct. 1939 (1992). Thus, the Uber Defendants respectfully request for this Court to affirm the Opinion and Order.

**D. The district court correctly ruled that arbitration was the proper forum to address Rosado-Sánchez' claims.**

The facts of this case are straightforward. Not only were they properly established by the Uber Defendants, but they were unopposed by Plaintiff. As discussed below, it is undisputed that Rosado-Sánchez voluntarily entered into a valid agreement which contains a delegation clause, under which any questions regarding the validity of the arbitration agreement and whether it applies to this dispute has been delegated to and must be decided by the arbitrator. The arbitration agreement also expressly covered all the claims set forth in Plaintiff's Complaint. The district court evaluated the language of the agreement, considered the applicable doctrine regarding arbitration, and correctly ruled that Rosado-Sánchez's claims are subject to arbitration.

Under First Circuit law, "district courts should apply the summary judgment standard to evaluate motions to compel arbitration". Air-Con, Inc. v. Daikin Applied

Latin Am., LLC, 21 F. 4th 168, 176 (1st Cir. 2021). The district court must look "to all of the record materials on file, including pleadings, depositions and affidavits" and if, and only if, a genuine issue of fact remains, the district court "shall proceed summarily" to trial to resolve the issue of arbitrability. Id. at 175 (quoting 9 U.S.C. §4). The Uber Defendants bore the burden of showing that arbitration must be compelled. Id. To defeat a defendant's request to compel arbitration, a plaintiff is tasked with advancing "materials that create a genuine issue of fact about a dispute's arbitrability." Air-Con, Inc., 21 F. 4th at 175. The Court must review the record in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. García-García v. Costco Wholesale Corp., 978 F. 3d 411, 414 (1st Cir. 2017). In doing so, the Court will cast aside and ignore all "conclusory allegations, improbable references and unsupported speculation." Id. at 417. Here, Plaintiff failed to oppose the motion and failed to present any materials to create a genuine issue of fact regarding the arbitrability of his claims.

The general rule when considering a motion to compel arbitration is that the court must consider these four factors: (1) if a valid arbitration agreement exists; (2) if the moving party is entitled to invoke the arbitration clause; (3) whether the non-moving party is bound by the arbitration clause; and (4) whether the claim is within the scope of the arbitration clause. See Nat'l Fed'n of the Blind v. The Container

Store, Inc., 904 F.3d 70, 79-80 (1st Cir. 2018). However, "[w]here there is a clear and unmistakable delegation of arbitrability issues, the [C]ourt's proper inquiry before referring a dispute to an arbitrator is limited to determining: (1) whether a valid arbitration agreement exists but (2) if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a [C]ourt may not decide the arbitrability issue". Bossé v. N.Y. Life Ins. Co., 992 F. 3d 20, 28 (1st Cir. 2021).

As stated in the "Uncontested Material Facts" of the Uber Defendants' Motion to Compel, Uber is a technology company that develops proprietary software used to create digital marketplaces. Uber created the Eats marketplace, which connects independent delivery drivers with individuals looking to order meals and products from participating businesses. Uber created several mobile applications available via smartphone or tablet that allow independent delivery drivers access to its various marketplaces, including Uber's Driver App. **Appellee's Supp. App.,** p. 8. It is uncontroverted that at all times relevant to his Complaint, Plaintiff was an independent delivery driver who used Uber's Driver App in Puerto Rico to provide delivery services. Independent delivery drivers who use Uber's Driver App in Puerto Rico to provide delivery services enter into agreements with Portier, LLC ("Portier") and Schleuder, LLC ("Schleuder"). Portier and Schleuder are wholly owned subsidiaries of Uber engaged in the business of providing lead generation

services to independent delivery providers through the Uber Eats marketplace using the Uber Driver App software application. That is, Portier and Schleuder generate leads for independent delivery providers, such as Rosado-Sánchez, to engage in deliveries of restaurant-prepared food and/or other items from merchants via the Uber Driver App. **Appellee's Supp. App.,** p. 8, 27. To gain access to the Uber Eats marketplace, an independent delivery provider, such as Rosado-Sánchez, must first log into Uber's Driver App, where, after entering his/her credentials, he or she is given access to a Platform Access Agreement, which contains an arbitration agreement . After having the opportunity to review the Platform Access Agreement, the delivery provider must consent to the document by twice clicking "Yes, I Agree." The most recent applicable agreement entered into by Plaintiff to access the Uber Driver App was the January 1, 2022 Portier Platform Access Agreement ("PAA"), which was accepted by the Plaintiff (through the process described above) on or around January 8, 2022.[6] **Appellee's Supp. App.,** p. 10, 29, 30, 162. Section 13.1(b) of the PAA contains an arbitration agreement ("Arbitration Agreement") which specifically provides, in pertinent part: "13.1(b) This Arbitration Agreement applies

---

[6]Plaintiff also entered into a similar PAA, with an arbitration with Schleuder, a wholly owned subsidiary of Uber. **Appellee's Supp. App**., p. 30. But since the Portier and Schleuder agreements are substantially similar, the district court referred only to the PAA with Portier through its Opinion and Order.

to and all claims whether brought by you or us, except as provided below. This Arbitration Agreement requires all such claims to be resolved only by an arbitrator through final and binding individual arbitration and not by way of court or jury trial…" **Appellee's Supp. App.,** p. 9, 49. Plaintiff was given thirty (30) days to opt out of the Arbitration Agreement contained in the PAA, yet he failed to do so, even after being notified of his right to consult with an attorney regarding arbitration.. **Appellee's Supp. App.,** p. 12-13, 30-31, 48-49. Regarding the evidence supporting the fact that Plaintiff agreed to be bound by the PAA (including the Arbitration Agreement) and failed to avail himself of the right to opt out of arbitration, the district court ruled that: "[T]he Plaintiff did not advance any evidence that could create a material issue of fact regarding these issues". **Addendum**, p. 33. Thus, the court ruled that these facts had been properly established by the Uber Defendants and no legal reason exists to question the court's findings.

The district court determined that the PAA between Portier and Rosado-Sánchez was the operative agreement in this case. It concluded that: "Since Plaintiff's claims are allegations that stem from having accessed the Uber Eats marketplace, the PAA is at the crux of Plaintiff's claims". **Addendum**, p. 29. Once the district court determined that a valid agreement existed (the PAA), it proceeded to consider whether such agreement contained a valid arbitration agreement with a

delegation clause. **Addendum**, p. 30.

> a. *The district court properly enforced the arbitration agreement in accordance with the policy of the FAA.*

In its analysis, the district court referred to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§3 et seq. The FAA was enacted by Congress with the goal of overcome[ing] judicial resistance to arbitration". <u>See</u> <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp</u>., 460 U.S. 1, 24 (1983). It "provides that written arbitration agreements 'shall be valid, irrevocable, and enforceable'. <u>Immediato v. Postmates, Inc</u>., 54 F. 4th 67, 73 (1st Cir, 2022) (*quoting* 9 U.S.C. §2). To determine specifically whether the PAA contained a valid arbitration agreement, the district court turned to state contract law. The court correctly applied Puerto Rico law as the PAA provides that the agreement is to be governed by the applicable law of the state where the Plaintiff resided when he accepted the PAA. Looking at Plaintiff's Complaint, the court determined that because Plaintiff resides in Puerto Rico, and the allegations of the Complaint took place in Puerto Rico, Puerto Rico law applies. **Addendum**, pp. 30-31, **Appellee's Supp. App**., p. 50. Under Puerto Rico law, a valid contract requires three elements: *consent* by the parties over the *object*, subject of the contract and a *cause*. <u>See</u> P.R. Law Ann. Tit. 31, §9771. Having found these elements met, there is no reason for this Court to set aside the district court's

determination that a valid contract under Puerto Rico law exists.

*b. The district court correctly found that a valid arbitration agreement exists.*

As presented by the Uber Defendants in the "Statement of Uncontested Material Facts", Plaintiff affirmatively agreed to Arbitration Agreement by pressing the "Yes, I Agree" button twice to accept the agreement; he chose not to opt out of arbitration despite being provided the opportunity to do so; and he proceeded to benefit from the use of the Uber Driver App to access the Uber Eats marketplace. Accordingly, all three elements for the formation of a contract are present, and a valid agreement with an arbitration clause exists and is binding. See Rivera-Colon v. AT&T Mobility P.R., Inc., 913 F. 3d 2002, 211 (1st Cir. 2019).

*c. The district court properly found that the arbitration agreement contains a delegation of arbitrability clause.*

The district court then proceeded to examine the delegation clause. It reviewed the language of Section 13.1(b) of the arbitration agreement, which states:

> [t]his Arbitration Provision applies to all claims whether brought by you or us, except as provided below…[S]uch disputes include without limitation disputes arising out of or relating to the interpretation, application, formation, scope, enforceability, waiver, applicability, revocability or validity of this Arbitrator Provision or any portion of this Arbitration Provision.

**Addendum**, p. 32.

The delegation clause is clear. The district court found that the arbitrability

question was delegated to the arbitrator and was "not for the Court to decide". Id. In doing so, the court appropriately applied Supreme Court precedent that establishes that a court "possesses no power to decide the arbitrability issue" when there is a clean and unmistakable delegation clause. Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 529 (2019). Accordingly, the court properly compelled arbitration. But the court's decision did not end there. The Opinion and Order states that assuming *arguendo* that there was any ambiguity surrounding the delegation clause, the court found that arbitration was warranted because the Uber Defendants satisfied the remaining three factors of the four-factor test outlined in Bossé v. N.Y. Life Ins. Co., 992 F. 3d 20, 28 (1st Cir. 2021).

> d. *Notwithstanding having found that the Arbitration Agreement contains a delegation clause, the district court went even further than required by the case law, and correctly held that the Uber Defendants satisfied the remaining requirements of the four-part test.*
>
> > i. *The Uber Defendants are entitled to invoke the Arbitration Agreement.*

The second part of the four-part test calls for the court to consider whether the Uber Defendants can invoke the Arbitration Agreement. The Uber Defendants are not the contracting parties since the parties to the Arbitration Agreement are Portier and Plaintiff. However, section 13.1 of the Arbitration Agreement states that:

[e]xcept as it provides otherwise, this Arbitration Provision applies to

25

any legal dispute, past, present or future, arising out of or related to your relationship with us or relationship with any of our agents, employees, executives, officers, investors, shareholders, affiliates, successors, assigns, subsidiaries, or parent companies (each of which may enforce this Arbitration Provision as third party beneficiaries), and termination of that relationship, and survives after the relationship terminates. **Addendum**, p. 33.

It is undisputed that Uber is Portier's parent company and that, as co-founders/CEOs of Uber, the Individual Defendants are "agents, employees, executives, officers, investors or shareholders" of Uber and/or Portier. **Appellee's Supp. App**., p. 10, 27 and 186. As such, the contractual language clearly establishes that the Uber Defendants are third party beneficiaries with a right to enforce the Arbitration Agreement.[7] The court appropriately held that the Uber Defendants had satisfied the second prong.

> ii. *The district court correctly ruled that Plaintiff is bound to arbitrate.*

Third, the court had to consider whether the Plaintiff was bound by the Arbitration Agreement. The court correctly found that the Uber Defendants had

---

[7]Puerto Rico law recognizes-party beneficiaries' rights to enforce contracts. See P.R. Laws Ann. Tit. 31 §9813. "The "critical fact" that determines whether a nonsignatory is a third-party beneficiary is whether the underlying agreement "manifest[s] an intent to confer specific legal rights upon [the nonsignatory],"" Oudani v. TF Final Mile LLC, 876 F. 3d 31, 39 (1ˢᵗ Cir. 2017) (citations omitted).

advanced evidence (which was uncontroverted) that the Plaintiff did not opt out of

the Arbitration Agreement  and, therefore, he was bound by it.

> ### iii. The district court correctly held that Rosado-Sánchez's claims are within the scope of the Arbitration Agreement.

Lastly, the court considered if the claims set forth by the Plaintiff were

covered by Arbitration Agreement.  In his Complaint, Plaintiff asserted claims under

Title VII, the ADEA and the ADA.  Section 13.1 of the PAA states, in its pertinent

part, that:

> [e]xcept as it otherwise provides, this Arbitration Provision also applies, without limitation, to disputes between you and us, or between you and any other entity or individual, arising out of or related to your application for and use of an account to use our Platform and Driver App, the Deliveries that you provide…and claims arising under…Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981…Americans with Disabilities Act [and] Age Discrimination in Employment Act[.] **Addendum**, at p. 35.

The explicit language of section 13.1 and the fact that Plaintiff did not provide

any evidence that would create a material issue of fact regarding this point moved

the court to find that the Arbitration Agreement covers all of Plaintiff's claims.  As

the court wisely ruled: "all roads lead to arbitration". **Addendum,** p. 35.

Finally, the district court decided whether the pending action should be stayed

or dismissed. Based on First Circuit caselaw that held that when all claims are

arbitrable, the district court may dismiss the action, the district court proceeded to

dismiss all claims without prejudice. See Bercovitch v. Baldwin Sch., Inc., 133 F. 3d 141, 156 n. 21 (1st Cir. 1998). Because the Supreme Court has recently held that when granting a motion to compel arbitration, the case should not be dismissed by the lower court, but rather, should be stayed, Smith v. Spizzirri, supra, the Uber Defendants respectfully request that this Court remand the order dismissing all claims without prejudice with instructions to the district court to issue a stay.

## VIII. CONCLUSION

This appeal should be dismissed outright: (i) because the Court lacks jurisdiction to review the interlocutory order compelling arbitration, and (ii) because Rosado-Sánchez has failed to comply with the appellate procedural rules and has failed to present any legal arguments to support his appeal, thus impeding this Court's ability to address the issues intelligently. In the event the Court decides to review the district court's decision, said decision is sound and is rooted in the applicable federal doctrine regarding arbitration. At the same time, the district court properly applied Puerto Rico law to determine that the parties entered into a valid and binding agreement to arbitrate. The Arbitration Agreement's language is clear regarding the intent of the parties to enter arbitration and to delegate all arbitrability issues to an arbitrator. The language does not support any other conclusion. Therefore, if this Court does not dismiss the appeal outright, it should affirm the

district court's order to compel arbitration and remand the order dismissing all claims without prejudice with instructions to the lower court to instead, stay the proceedings.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this the 22nd day of August 2024.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and served by certified mail to Mr. Pablo E. Rosado Sánchez, Levittown, 1093 Paseo Damasco, Toa Baja, PR 00949.

**SCHUSTER LLC**
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611


s/Anabel Rodríguez-Alonso
Anabel Rodríguez-Alonso, Esq.
USDC PR No. 212509
First Circuit Bar No. 44313
arodriguez@salawpr.com


s/Lady E. Cumpiano
Lady E. Cumpiano, Esq.
USDC PR No. 211106
First Circuit Bar No. 39089
lcumpiano@salawpr.com

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

---

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

---

No. 24-1535

## PABLO ENRIQUE ROSADO SÁNCHEZ

Plaintiff-Appellant,

v.

## TRAVIS KALANICK; GARRET CAMP; DARA KHOSROWSHAHI; UBER TECHNOLOGIES, INC.

Defendants-Appellees.

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒  This brief contains <u>6,861</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

☐  This brief uses a monospaced typeface and contains [number of lines] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(5) because:

☐  This brief has been prepared in a proportionally spaced typeface using **MS Word in Times New Roman, 14 point**, or

☐  This brief has been prepared in a monospaced typeface using [state name and version of word processing program with [state number of characters per inch and name of type style].

Dated:  August 22, 2024

s/Anabel Rodríguez-Alonso
Attorney for Defendants-Appellees